William D. Hyslop
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 28 2020

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

v.

JESSE MCKAY,

          Defendant.

Case No.: 2:19-CR-00145-RHW

Plea Agreement

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Richard R. Barker, Assistant United States Attorney for the Eastern District of Washington, and Defendant JESSE MCKAY and Defendant's counsel, Nick Vieth and Justin Lonergan, agree to the following Plea Agreement:

1)    <u>Guilty Plea and Maximum Statutory Penalties</u>:

Defendant, JESSE MCKAY, by and through this Plea Agreement and pursuant to CARES Act § 15002(b)(2), Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), and General Order No. 20-101-3 (E.D.Wa. Mar. 30, 2020), expressly waives his right to be physical present, *see* Fed. R. Crim. P. 43(a), and consents to appear by video teleconferencing and agrees to plead guilty to Count 2 of the Second Superseding Indictment filed on June 16, 2020, charging Defendant with Assault Resulting in Serious Bodily Injury in Indian Country in violation of 18 U.S.C. §§ 113(a)(6), 1153.

Defendant understands that this is a Class C Felony, which carries a maximum penalty of not more than a ten-year term of imprisonment; a fine not to exceed $250,000; not more than a 3-year term of supervised release; restitution; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum stated in this Plea Agreement. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3) <u>Waiver of Constitutional Rights</u>:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a)    The right to a jury trial;

    b)    The right to see, hear and question the witnesses;

c) The right to remain silent at trial;

d) The right to testify at trial; and

e) The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands the retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4) <u>Elements of the Offense</u>:

The United States and Defendant agree that in order to convict Defendant of Assault Resulting in Serious Bodily Injury, in violation of §§ 113(a)(6), 1153, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about July 17, 2019, Defendant assaulted C.A.M. by intentionally striking him;

*Second*, as a result, C.A.M. suffered serious bodily injury;

*Third*, the assault took place within the external boundaries of the Confederated Tribes of the Colville Reservation and on trust land;

*Fourth*, Defendant is an Indian and an enrolled member; and

*Fifth*, the Confederated Tribes of the Colville Reservation is a federally recognized tribe.

5) <u>Factual Basis and Statement of Facts</u>:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On or about July 17, 2019, JESSE MCKAY (MCKAY), an enrolled member of the Colville Confederated Tribes, assaulted his brother, C.A.M., by striking C.A.M. in the face in Nespelem, Washington, within the external boundaries of the Colville Reservation. According to C.A.M., MCKAY struck him in the face while C.A.M. was staying at his mother's home. After the assault, C.A.M. ran to the neighbors for help.

Following the assault, C.A.M. was treated at Coulee Medical Center. Medical personnel observed C.A.M.'s eye was nearly swollen shut, and he had a five centimeter laceration on his right cheek bone and a one centimeter laceration on the right side of his nose. A CT scan showed that C.A.M.'s nose was broken.

6) <u>The United States Agrees</u>:

a) <u>Dismissal(s)</u>:

At the time of sentencing, the United States agrees to move to dismiss Counts 1 and 3 of the Second Superseding Indictment dated June 16, 2020. Count 1 charges Defendant with Assault with a Dangerous Weapon in Indian Country, in violation of 18 U.S.C. §§113(a)(3). Count 3 alleges Sexual Abuse in violation of 18 U.S.C. §§ 2242(2), 2246(2)(B). With respect to Count 3, J.E.G., a former inmate at the Spokane County Jail, alleged that MCKAY assaulted him at the jail and agree to cooperate in the prosecution against MCKAY. The United States has agreed not to pursue this charge based on MCKAY's acceptance of responsibility for the physical assault of C.A.M.

b) <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Second Superseding Indictment, unless Defendant breaches this Plea Agreement any time before or after sentencing. This Plea Agreement is binding only upon the United States Attorney's Office for the

Eastern District of Washington, and cannot bind other federal, state or local authorities, including Spokane County or the Confederated Tribes of the Colville Reservation.

7) <u>United States Sentencing Guideline Calculations</u>:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

a) <u>Base Offense Level</u>:

The United States and Defendant agree that the base offense level for Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6), 1153, is 14. *See* U.S.S.G. §§ 2A2.2(a).

b) <u>Specific Offense Characteristics</u>:

The United States and the Defendant agree that the assault involved serious bodily injury, adding an additional 5 levels. See U.S.S.G. § 2A2.2(b)(3)(B). The United States and the Defendant have not reached an agreement with respect to whether a dangerous weapon was used or whether the Defendant obstructed or impleaded the administration of justice.

c) <u>Acceptance of Responsibility</u>:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than October 29, 2019, the United States will move for a three (3) level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3) level downward

reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

    d)    <u>Adjustments found in the Presentence Investigation Report</u>

The parties agree that they are free to advocate for or against any U.S.S.G. upward or downward adjustments found to apply in the Presentence Investigation Report that have not otherwise been contemplated or addressed in this Plea Agreement.

    e)    <u>Criminal History</u>:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8)    <u>Departures and Incarceration</u>:

The Defendant and the United States understand and acknowledge that, at sentencing, they are free to make whatever sentencing recommendations for whatever reasons they deem are appropriate. That is, the United States and the Defendant are free to seek an upward or a downward departure from the applicable sentencing guideline range.

9)    <u>Criminal Fine</u>:

The parties agree to recommend the Court impose no criminal fine.

10)    <u>Supervised Release</u>:

The United States and Defendant agree to recommend that the Court impose a 3-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

a) that Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

b) that Defendant complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to Defendant's ability.

c) that Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer, upon a finding of reasonable suspicion.

11) Restitution:

Defendant agrees to pay restitution as ordered under the Mandatory Victim Restitution Act. The parties hereby agree pursuant to this Plea Agreement that any interest on this restitution amount should be waived. The parties agree the Court will set a payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Pursuant to this plea agreement, Defendant agrees to pay any court ordered restitution to both C.A.M and J.E.G.

12) Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13) Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14) Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his/her conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

15) <u>Integration Clause</u>:

United States and Defendant acknowledge that this document constitutes entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____          7/16/2020
Richard R. Barker                             Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into

*United States v. Jesse McKay* - Plea Agreement - 8

this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_Jesse McKay_  7-14-2020
JESSE MCKAY        Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____  7/14/2020
Nick Vieth          Date
Justin Lonergan
Attorneys for Defendant