1  NICOLAS V. VIETH
   Bar Nos. ID 8166 / WA 34196
2  Vieth Law Offices, Chtd.
   912 East Sherman Avenue
3  Coeur d' Alene   ID   83814
   Telephone:   208.664.9494
4  Facsimile:    208.664.9448
   Email:  nick@viethlaw.com
5

JUSTIN P. LONERGAN
WSBA #55216/ISB No. 11161
Bohrnsen Stocker Smith Luciani
Adamson PLLC
312 W. Sprague Ave
Spokane, WA 99201
Telephone:   509-327-2500
Email:
JLonergan@bsslslawfirm.com
**(CJA Mentee)**

6
   Attorneys for Defendant – Jesse McKay
7

8           UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WASHINGTON
9            (The Honorable Robert H. Whaley)

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 2:19-CR-145-RHW |
| 11       Plaintiff, ) | |
| ) | DEFENDANT'S SENTENCING |
| 12  vs. ) | MEMORANDUM |
| ) | |
| 13  JESSE MCKAY, ) | |
| ) | |
| 14       Defendant. ) | |
| ) | |
| 15  _____ ) | |

16
   TO:  WILLIAM B. HYSLOP, United States Attorney and
17       RICHARD R. BARKER, Assistant United States Attorney

18

19

20
**DEFENDANT'S SENTENCING MEMORANDUM - 1**

COMES NOW, Defendant JESSE McKAY, by and through the undersigned counsel, and submits the following sentencing recommendation and request for a term of confinement within the applicable guidelines range, followed by a properly conditioned term of supervised release.

**Background**

Jesse McKay is ready to accept the Court's pronouncement of a sentence, having pled guilty and accepted responsibility for assaulting his brother in a manner that caused serious bodily injury. Mr. McKay recognizes he is before the Court for a second time, with the Court having also heard his 1998 homicide case.

Mr. McKay has no family support. He has a documented and admitted history of alcohol abuse and mental health concerns that have contributed to his record, along with a similarly admitted history of drug abuse. Mr. McKay has a GED-level education, no clear vocational path, and unremarkable community resources. Mr. McKay is 45 years old, and has spent the better part of the last two decades in federal custody for offenses described in the PSIR.

As will be discussed, the defense anticipates the sentencing hearing to present a stark contrast of positions. The Government has proffered it will seek an upward departure and/or variance to the statutory maximum, apparently largely on the grounds of public safety. The defense, on the other hand, proposes a more

DEFENDANT'S SENTENCING
MEMORANDUM - 2

nuanced approach that considers the range of relevant §3553 factors.

## Argument

Per 18 U.S.C. §3553(a), this Court must consider and balance a wide variety of factors before pronouncing a sentence that is "not greater than necessary."

The nature and circumstances of the offense confirm that it would be inappropriate to deviate or vary upward from the guidelines range. Careful review of the facts and circumstances confirm this case is within the "heartland" of the applicable offense guideline. See USSG Part A, Paragraph 4(b) (there is a "set of typical cases embodying the conduct that each guideline describes"). To be certain, this was an impulsive, rash offense – Mr. McKay's plea is an acknowledgment that his conduct was unjustified. For whatever reason, though, the environment was such that Mr. McKay felt that his only option to deal with interpersonal conflict was with a violent physical reaction. This was not the culmination of a series of earlier threats or assaults. This was not a planned or orchestrated attack. The harm to C.A.M. involved serious bodily injury, but the evidence does not suggest that the injuries or victim impact are so outside the ordinary range of assaultive conduct that the Court should vary to the 10-year statutory maximum. Thus, this matter is a "heartland" case for which the guidelines range is reasonable and appropriate.

DEFENDANT'S SENTENCING
MEMORANDUM - 3

With respect to the history and characteristics of the defendant, the Court should not accept the Government's attempt to re-sentence Mr. McKay for his earlier offenses. As noted in the defense's opposition to the Government's request for a variance or departure, the Government's position reflects policy disagreement, providing a poor basis on which to justify a sentence. Mr. McKay served his time, and his convictions are factored into his criminal history category. In other words, proper application of the guidelines will already cause Mr. McKay to serve more time.

Further, the Government does not acknowledge any of the significant mitigating factors that are part of Mr. McKay's history. To do real justice in this case – for society *and the defendant* – requires that we carefully examine why Mr. McKay continues to come back into the criminal justice system. The Government fails to acknowledge certain dynamics and characteristics that may help shed light on why a "heavy confinement" approach is ineffective and, indeed, counterproductive to the statutory considerations. Mr. McKay does not have the benefit of a strong family support network. His educational background is of questionable value. He lacks a feasible vocational path and there is no indication that someone is waiting in the wings to help him find such a path once he has made his amends through this sentence. His home offers little-to-no economic

**DEFENDANT'S SENTENCING**
**MEMORANDUM - 4**

opportunity… if he is even welcomed back to the reservation.

This is not to downplay the seriousness of the situation or to take away Mr. McKay's responsibility for his decisions. Mr. McKay knows he is facing a significant incarceration period and readily understands that the Court may, even within the Guidelines, sentence him in the upper range. Rather, the point is to suggest, for example, that deterrence (§3553(a)(2)(B)) does not equate to 10 years' incarceration. Similarly, protection of the public is important, but Congress clearly envisioned that this type offense does not justify a life sentence. Mr. McKay is young enough that the protection of the public cannot be an overriding concern when there are more deliberate ways to craft a sentence to prevent recidivism.

In other words, the Court can adequately balance the §3553(a) factors through an incarceration period within the guidelines range, followed by a lengthy and deliberate period of supervised release. Consider, for example, that Mr. McKay will not recognize the world when he is released from confinement – the last time Mr. McKay saw freedom, the term "social distancing" was not even in existence. Consider the deterrent effect that Mr. McKay has experienced – and will continue to experience – as he is separated from his mother, whose health continues to decline as she experiences increasingly serious health issues.

DEFENDANT'S SENTENCING
MEMORANDUM - 5

Mr. McKay proposes that the Court tailor supervised release in such a manner that directs halfway house or other intensive transitional supervision. This approach would be different from that taken in Mr. McKay's earlier federal case. With appropriate supervision, structure, and transitional programming, Mr. McKay will have a realistic opportunity to cement rehabilitative processes that he will have started during his period of incarceration. This will, in turn, better serve the goals of deterrence and protection of the public. See 18 U.S.C. §3553(a).

Lastly, the Court should conclude that a sentence outside the guidelines range would cause an "unwarranted sentence disparit[y] among defendants with similar records." 18 U.S.C. §3553(a)(6). As previously briefed in the defense's response to the Government's request for an upward variance and/or departure, the guidelines have already considered the sentencing factors that the Government proffers as grounds to vary upward. The Court would be correct in rejecting the subjectivity of the Government's approach.

## Conclusion

Mr. McKay recognizes he is making this recommendation while there are still critical disputes over applicable sentencing factors. The Court's findings will necessarily have an influence on how the Court considers the §3553(a) factors, which the defense will further address through oral argument. Nonetheless, the

DEFENDANT'S SENTENCING
MEMORANDUM - 6

issues are sufficiently clear that the defense is confident that its approach – trusting the Court's discretion to impose a period of incarceration within the guidelines, followed by an appropriately-conditioned period of supervised release – best represents the balance of §3553(a) factors within the particulars of this case.

DATED this 20th day of October, 2020.

                Respectfully Submitted,

                VIETH LAW OFFICES, CHTD.

                */s/ Nicolas V. Vieth*
                NICOLAS V. VIETH
                Attorney for Defendant – J. McKay

                BOHRNSEN STOCKER SMITH LUCIANI ADAMSON PLLC

                */s/ Justin P. Lonergan*
                JUSTIN P. LONERGAN
                Attorney for Defendant – J. McKay

**DEFENDANT'S SENTENCING MEMORANDUM - 7**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of October 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Richard Barker, Assistant United States Attorney

                                         */s/ Justin P. Lonergan*
                                         JUSTIN P. LONERGAN

**DEFENDANT'S SENTENCING MEMORANDUM - 8**